[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2007
THOMAS K. KAHN
CLERK

No. 06-14256
Non-Argument Calendar

_____

D. C. Docket No. 06-00020-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEONSEY LONTE JOHNSON,
TEDDY LEE HICKS, JR.,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

**(May 8, 2007)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

A Northern District of Florida grand jury indicted appellants, Deonsey Lonte Johnson and Teddy Lee Hicks, Jr., with two offenses arising out of roadside robbery and carjacking on September 30, 2005. Count One charged them with violating 18 U.S.C. §§ 2119 and 2; Count Two charged them with knowingly using and carrying a firearm, a shotgun, in furtherance of the Count One offense in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. Appellants pled not guilty and stood trial. A jury found them guilty as charged. They now appeal their convictions. Both challenge the sufficiency of the evidence to convict and thus seek a judgment of acquittal. Hicks alternatively seeks a new trial on the ground that the district court abused its discretion in admitting similar acts evidence under Federal Rule of Evidence 404(b). We affirm.

The Government's proof established the following. On September 30, 2005, in Pensacola, Florida, Hicks and his girlfriend, Heather Wylie, were sleeping in Hicks's parents trailer. They were drug addicts, having stayed up the night before using cocaine. Johnson came to the trailer, awakened them, and said that he had seen someone – the eventual victims – with a wad of cash at a nearby gas station. Hicks and Wylie immediately dressed, Hicks armed himself with his pistol-grip shotgun, and he, Wylie and Johnson drove to the gas station in his car. Johnson rode in the front passenger's seat; Wylie was in the back seat.

By the time they got to the gas station, the victims were on the highway, headed toward Interstate 10.  Hicks followed the victims' car onto the interstate and pulled into the left lane, alongside the car.  Johnson motioned to the victims that their car was dragging something and indicated that they should pull off the highway onto the shoulder.  Hicks drove onto the shoulder, and the victims followed suit, parking behind Hicks's car.  The victims got out of their car and walked behind it to see what was wrong.  As they were examining their car, Johnson approached them with the shotgun, yelling "give it up, I'm not playing."  The victims indicated that any cash they had was in their car, so Johnson got into its driver's seat, left the victims standing there, and drove off, with Hicks's car in the lead.  The two vehicles then exited the interstate.  Johnson turned down a dirt road, right off the exit.  Hicks, driving ahead, backed up and pulled beside Johnson. They transferred the victims' belongings to Hicks's car, drove to Johnson's residence, a trailer, and divided their spoils.

These events were described by the victims and by Wylie, who testified under a grant of use immunity.  She was facing charges stemming from what we have related above and a home invasion robbery Hicks and she had committed three days before, using Hicks's shotgun.  Wylie's testimony removed any doubt as to the identity of the two men with her during the carjacking; they were Hicks

3

and Johnson.

To make out a case of carjacking, as alleged in Count One, the government must establish that the defendant, "[w]ith the intent to cause death or serious bodily harm, [took] a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempt[ed] to do so." 18 U.S.C. § 2119. The intent element of this offense is satisfied when, "at the moment the defendant demanded or took control over the driver's automobile, the defendant possessed the intent to seriously harm or kill the victim if necessary to steal the car." United States v. Fulford, 267 F.3d 1241, 1244 (11th Cir. 2001) (internal quotations and citations omitted).

Count Two offense charged a violation of 18 U.S.C. § 924(c). That section states that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States . . . possesses a firearm" is subject to certain mandatory penalties.

Both appellants were charged in both counts with violating 18 U.S.C. § 2. Section 2 states that a person who "commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." In order to sustain a conviction under an aiding and abetting

theory, "the government must show that a substantive offense was committed, that [the defendant] associated himself with the criminal venture, and that [the defendant] committed some act which furthered the crime." United States v. Perez, 922 F.2d 782, 785 (11th Cir. 1991). In addition, "the government must show that [the defendant] had the same unlawful intent as the actual perpetrators." Id.

The prosecution's case against Johnson was overwhelming on both counts. We therefore reject his sufficiency-of-the-evidence challenge and affirm his convictions.

Hicks concedes that the proof showed that he agreed and intended to participate in an armed robbery, but contends that he had no knowledge that the victims' car was going to be stolen until Johnson had actually stolen it. He also contends that he could not be found guilty of possession of a firearm during the carjacking if he did not intend to commit a carjacking.

Hicks does not dispute that Johnson committed a carjacking. Hicks associated himself with the offense when he drove Wylie and Johnson in his car to the gas station, followed the victims' from there onto the interstate and pulled in front of it, and then observed Johnson exit his car carrying his, Hicks's, shotgun. Hicks furthered the crime by bringing his shotgun along, when they left his parents' trailer to find the victims. Although their primary objective was to steal a

large amount of cash, Hicks knew Johnson had use of his shotgun, and saw Johnson leave his car with the shotgun and point it at the victims before getting into their car. In short, the evidence was sufficient to convict Hicks for aiding and abetting the commission of the charged offenses.

Hicks argues alternatively that he is entitled to a new trial because the court abused its discretion in admitting testimony from Wylie and the victim of the home invasion robbery she and Hicks perpetrated. Wylie testified that on September 27, three days before the carjacking, she and Hicks went to a trailer home they had visited with a friend earlier in the day. Hicks took his shotgun along – the same shotgun Johnson used in the carjacking – and knocked on the door. The occupant, a construction worker from El Salvador, would not come to the door, so Hicks sent Wylie to get a screw driver from his car; he used it to pry open the door. Hicks and Wylie then entered the trailer and demanded money from the man. He said it was in the bedroom. When Wylie could not find it, Hicks and the man scuffled over the shotgun, and it fired. Hicks and Wylie found the man's money, left the trailer and used the money to buy drugs.

The robbery victim testified to the robbery. He said that Hicks struck him with the gun and put the gun in his mouth.[1] When he pushed Hicks away, the gun

---

[1] He identified Hicks from a photo lineup.

6

went off. He was rendered unconscious. When he came to, he discovered that the intruders had taken $400 from his wallet.

Rule 404 of the Federal Rules of Evidence provides:

> (b) Other crimes, Wrongs, or Acts.–Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).

To be admissible, Rule 404(b) evidence must (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit the jury to determine that the defendant committed the act; and (3) the probative value of the evidence cannot be substantially outweighed by its undue prejudice. United States v. Chavez, 204 F.3d 105, 1317 (11th Cir. 2000). Hicks does not take the position in his brief that all of the evidence of the home invasion was inadmissible; he appears to concede the first of the above three elements. His argument is that the prosecution improperly made the home invasion a feature of the trial and thereby diverted the jury's attention to the charged offenses – specifically, to his role in the carjacking. We disagree. The government's case focused on the whole on the carjacking. The home invasion testimony was highly probative of Hicks's intent, identity, state of mind, and –

7

most of all – his planning of the carjacking.  He knew that the victims were traveling in a car and that the car had to be stopped if he and Johnson were to rob them of their cash.  He armed himself to ensure that their success, in the same way he armed himself to rob the Salvadoran construction worker.  We therefore find no abuse of discretion in the court's evidentiary ruling.

**AFFIRMED.**